FILED 16
Mr. Kenneth Karch Deputy Director Department of Natural Resources 1014 Madison Street Jefferson City, Missouri 65101
Dear Mr. Karch:
This is in response to a request by the former Director of the Department of Natural Resources for a letter opinion concerning whether binding assurances can be given by the State of Missouri for repayment of nonfederal water supply costs in federal reservoirs pursuant to Chapter 256, RSMo 1969.
Based on our earlier conversations, I understand your question to be directed to the authority of the state to give such assurances in anticipation that it will soon be requested to do so with relation to several proposed federal water projects within the state.
In order to answer this question it becomes necessary to determine what is meant by assurances. For if by "assurances" one means merely a prognostication of future events by the state, which creates no liability for the state if its forecast proves incorrect, the answer would differ from that which we must give if "assurances" is interpreted to create a binding obligation, a liability, should the needs forecast in the assurances, and the consequent revenues from local water users to pay nonfederal costs, not materialize, and the state thereby become liable to pay these costs.
Under Section 256.300, RSMo 1969, it is clear that the legislature intended that the state should have the authority to give "reasonable assurances" in connection with federal projects constructed under the federal laws referenced in Section256.290, RSMo 1969. Section 256.300, pertaining to the old abolished water resources board (whose duties have been passed to the Department of Natural Resources by Section 10.3 of the recent Reorganization Act, Appendix B, RSMo Supp. 1975.), reads as follows:
 "The water resources board is authorized to make reasonable assurance that demands for use will be made within a period of time to permit payment of costs allocated to water supply within the life of the project, and upon receipt of specific appropriations from the fund may enter into contract with the appropriate federal departments for purposes of discharging nonfederal responsibilities relating to municipal and industrial water supply storage as permitted by applicable federal legislation on water resource projects and, in so doing, shall consider the projected water needs of the area that can be served by the project and shall also consider the ability of future users to reimburse any investment of funds that may be made by this state."
The fund from which this section anticipates future appropriations is the water development fund established under the terms of Section 256.290, RSMo, which reads as follows:
 "The general assembly of Missouri may transfer money from the general revenue fund to the `Missouri Water Development Fund', which is hereby created, and may appropriate money from the fund for the purposes of purchasing municipal and industrial water supply storage in public works projects as permitted by the Water Supply Act of 1958, P.L. 85-500, 85th Congress, as amended by the Federal Water Pollution Control Act amendments of 1961, P.L. 87-88, 87th Congress and by P.L. 534, 78th Congress (58 statutes at large, C 665) or under other applicable federal legislation, or to purchase municipal and industrial water supply storage in works constructed with federal assistance under authority of the Watershed Protection and Flood Prevention Act, P.L. 566, 83rd Congress, as amended by P.L. 1018, 84th Congress, or under other applicable federal legislation. The fund shall be a continuing fund and as such shall be exempt from the provisions of section 33.080, RSMo."
A thorough search fails to reveal any cases construing the provisions of these two sections pertaining to assurances. However, a careful reading of the two sections indicates that the legislature carefully separated the matter of assurances from binding contracts based on specific appropriations from the fund. It stated in Section 256.300 that assurances, apparently merely predictive, could be made without appropriation, but that contracts to discharge nonfederal water supply storage responsibilities could be made only upon receipt of appropriations from the water development fund. Similarly, Section 256.290 clearly indicates that any funds expended for purchases of water storage be by appropriation. The clear implication of this separation is that the legislature intended that the assurances only be the state's best estimates or forecast of demands, and that the state could enter into binding contracts only pursuant to specific appropriations from and limited by the water development fund, and not by the general assurances without specific project appropriations.
In conclusion, it is the opinion of this office that while the Clean Water Commission may make nonbinding assurances which merely predict future water supply needs and uses, these assurances cannot, under the provisions of Chapter 256, RSMo 1969, bind the State of Missouri to repay nonfederal water supply costs connected with federal water reservoirs.
Very truly yours,
 JOHN ASHCROFT Attorney General